IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HECTOR SOTO, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 09-915-GMS |
| | ) | Cr. A. No. 06-140-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM**

## I. INTRODUCTION

On July 12, 2011, the court denied movant Hector Soto's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 after determining that the claims raised therein failed to warrant relief. (D.I. 44) Presently pending before the court is Soto's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (D.I. 46)

## II. STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, grounds for a Rule 60(b) motion include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief." Fed. R. Civ. P. 60(b)(1), (6).

In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. In order to prevail on a

Rule 59(e) motion, the moving party must show one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## III. DISCUSSION

In his motion for reconsideration, Soto contends that the court was biased against him when it denied his § 2255 motion due to the fact that he had filed a civil rights action against the court seeking $279,000 in damages just months before the court issued a decision on his § 2255 motion.[1] Soto avers that this court should have recused itself from rendering a decision in his § 2255 proceeding in order to "avoid the presumption of bias and partiality." (D.I. 46 at 7) He invokes the "manifest injustice" clause of Rule 59(e), and contends that the court "is duty bound to alter/amend its July 11, 2011 Opinion and Order, and Order [his] § 2255 reinstated to the active docket of this court, and then, after recusing itself, transfer the above-captioned matter to another judge for adjudication and disposition." *Id.* at 6-7. According to Soto, after "applying 28 U.S.C. § 455(a) to the entire course of events between the court and him, it becomes immediately clear that this court was belabored by an actual conflict of interest when it rendered its opinion and order denying his § 2255 motion." *Id.* at 7-8.

Given Soto's argument, the court views the instant motion as a motion to reopen under Rule 60(b). Nevertheless, whether treated as a Rule 59(e) motion to alter/amend judgment, or a Rule 60(b) motion to reopen, Soto's attempt to "reinstate" his § 2255 proceeding due to the

---

[1]The Honorable Sue L. Robinson dismissed the § 1983 complaint as frivolous on August 22, 2011. *Soto v. The Honorable Gregory Sleet*, Civ. Act. No. 11-503-SLR, Mem. Order (D. Del. Aug. 22, 2011).

court's alleged bias during that proceeding is unavailing. Significantly, Soto never filed a motion for recusal during the pendency of his § 2255 proceeding, nor did he assert any concern about the court's alleged bias or inability to render a fair judgment during the pendency of that proceeding. Rather, he waited until the denial of his § 2255 motion to present his instant argument that the court should have recused itself. As such, it appears that Soto's instant motion is motivated by his dissatisfaction with the court's decision, which is not a legitimate basis granting a motion for reconsideration under Rule 59(e) or Rule 60(b).

The court further concludes that Soto's motion does not warrant reopening his § 2255 proceeding because he has failed to establish a viable judicial bias claim under 28 U.S.C. § 455. Section 455(a) provides, in relevant part, that any "judge [] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." However, a judge need not recuse himself merely because a litigant sues or threatens suit against him. *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006). Here, Soto's conclusory and unsubstantiated allegation regarding the alleged prejudicial effect his pending civil rights case had on this court fails to demonstrate that this court's impartiality could reasonably be questioned.

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Soto's instant motion for reconsideration. In addition, the court will not issue a certificate of appealability, because Soto has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A

3

separate Order will be entered.

Oct 17, 2011
_____
DATE

_____
CHIEF, UNITED STATES DISTRICT JUDGE

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HECTOR SOTO, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 09-915-GMS |
| | ) | Cr. A. No. 06-140-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## ORDER

At Wilmington this _17th_ day of ___Oct___, 2011;

For the reasons set forth in the Memorandum issued this date, **IT IS HEREBY**

**ORDERED** that:

1. Movant Hector Soto's motion for reconsideration is **DENIED.** (D.I. 46)

2. The court declines to issue a certificate of appealability.

_____
CHIEF, UNITED STATES DISTRICT JUDGE